### THE STATE OF KANSAS v. C. H. WHEATON.

No. 16,046.    (99 Pac. 1132.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Abortion*—*Venue*.  The crime defined in section 44 of the crimes act, being section 2029 of the General Statutes of 1901, is committed in the county where the acts therein prohibited are perpetrated, and the jurisdiction to prosecute persons charged with such crime is confined to such county.

2. —————— *Evidence*—*Venue*.  Where a person is charged with having committed the offense above referred to in a particular county, and is convicted thereof in the district court of such county, but no evidence is produced to establish where the crime was committed, the conviction can not stand.

Appeal from Allen district court; OSCAR FOUST, judge.  Opinion filed February 6, 1909.  Reversed.

*Fred S. Jackson*, attorney-general, and *C. J. Peterson*, county attorney, for The State; *Charles H. Apt*, *Manford Schoonover*, and *Chris Ritter*, of counsel.

*Altes H. Campbell*, *John F. Goshorn*, *Baxter D. McClain*, and *F. J. Oyler*, for appellant.

The opinion of the court was delivered by

GRAVES, J.:  In this action the defendant was charged in the district court of Allen county, in substance, with having, on or about November 17, 1907, in the county of Allen, caused and procured medicine to be administered and instruments to be used for the purpose of procuring an abortion upon the person of one Maude Reilly.  It was further charged that such action on the part of the defendant was not necessary to preserve the life of Maude Reilly, and had not been advised by a physician, and that in this manner the defendant caused her death, although such was not his design.  The information was drawn under sections 12 and 44 of the crimes act, which read:

"SEC. 12. The killing of a human being, without a, design to effect death, by the act, procurement or culpable negligence of another, while such other is engaged in the perpetration or attempt to perpetrate any crime or misdemeanor, not amounting to a felony, in cases when such killing would be murder at the common law, shall be deemed manslaughter in the first degree."

"SEC. 44. Every physician or other person who shall wilfully administer to any pregnant woman any medicine, drug, or substance whatsoever, or shall use or employ any instrument or means whatsoever, with intent thereby to procure abortion or the miscarriage of any such woman unless the same shall have been necessary to preserve the life· of such woman, or shall have been advised by a physician to be necessary for that purpose, shall upon conviction be adjudged guilty of a misdemeanor, and punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment." (Gen. Stat. 1901, §§ 1997, 2029.)

The defendant was convicted of the offense defined in section 44, and he appeals to this court. Several assignments of error have been presented, but in our view the case must be disposed of upon a single one, and no other need be considered.

The information charges that the offense was committed in Allen county, Kansas. This averment was not supported by any evidence whatever. This is a material allegation. The jurisdiction of the court depended upon the fact averred. The most that can be said for the testimony upon this subject is that it tends to support the inference that the death of deceased was the result of a miscarriage or abortion. How this was produced, whether by natural or artificial means, is not shown; when or where it occurred does not appear; nor is there any evidence from which either of these material facts may be inferred.

The case was tried upon the theory that the means by which the abortion was caused were applied either at Fort Scott, Kan., or Kansas City, Mo.; and that the

woman operated upon died from the effects of such abortion at Iola, Allen county, Kansas.

The crime for which the defendant was convicted and sentenced was not that he produced an abortion upon, or caused the death of, Maude Reilly. The offense defined by the statute, and of which the jury found him guilty, was using means for the purpose and with the intent of procuring an abortion. This crime would be complete if the prohibited means were used with the unlawful intent, whether the intended results followed or not. In our view, this offense is committed wherever the prohibited means are used, and a defendant can only be tried for the crime at that place. We infer, from the instructions of the trial court, that it also entertained this view, but it erred, as we think, in permitting the verdict to stand when there was no evidence showing or tending to show that the crime was committed in Allen county, Kansas, where it was alleged in the information to have occurred.

If the defendant had been found guilty of the offense charged in section 12, where the gravamen of the crime is the killing of a human being, and it had appeared that injuries were inflicted in one jurisdiction of which the injured party subsequently died in another, a very different question would be presented.

The judgment of the district court is reversed.